UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IRENE MEREDITH SYKES          *          CIVIL ACTION

VERSUS                         *          NO: 09-0175

NATIONAL FLOOD INSURANCE       *          SECTION: "D"(1)
PROGRAM

## ORDER AND REASONS

Before the court is the **"Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment"** (Doc. No. 15) filed by Defendant, the United States of America on behalf of the National Flood Insurance Program.  Plaintiff, Irene Meredith Sykes, filed a memorandum in opposition.  The motion, set for hearing on Wednesday, July 15, 2009, is before the court on briefs, without oral argument.  Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law.

In this Hurricane Katrina-related matter, FEMA had issued to Plaintiff a Standard Flood Insurance Policy No. 4000010382 for flood insurance coverage under the National Flood Insurance Program

(NFIP) for a building located at 10133 Boulevard Way, New Orleans, Louisiana. (*See* Declaration of Scott Holmes, Claims Manager for the NFIP, Doc. No. 15-3 at ¶1). Under this policy, Plaintiff had coverage for up to $100,000 on the building, with a $500 deductible. (*Id*. at ¶4). Hurricane Katrina struck the New Orleans area on August 29, 2005.

On September 13, 2005, FEMA received Plaintiff's Notice of Loss for the date of loss, August 29, 2005, and opened a file. (*Id*. at ¶5). On October 14, 2006, FEMA issued Plaintiff a check in the amount of $3,000, and on December 12, 2006, FEMA issues Plaintiff a check in the amount of $31,927.34. (*Id*. at ¶12). On July 13, 2006, Plaintiff made a supplemental claim under her policy, and on October 19, 2006, FEMA issued Plaintiff a check in the amount of $17,435.28. (*Id*. at ¶13). FEMA did not receive a proof of loss from Plaintiff within one year of the August 29, 2005 date of loss. (*Id*. at ¶15).

In the instant motion, Defendant now argues that Plaintiff's claims must be dismissed because she has failed to file a proof of loss within one year of the date of loss,[1] and she failed to fulfill the requirements as set forth in SFIP, 44 C.F.R. Part 61,

---

[1] After Hurricane Katrina, the Federal Insurance Administrator made a limited express waiver of the proof of loss requirement allowing payment of undisputed claims. However, the proof of loss requirement for disputed claims was maintained, although the time for filing the proof of loss for a disputed claim was extended from 60 days to up to a year after the date of loss. (*See* Doc. No. 15-4, FEMA's limited waiver).

2

(App. A1) Art. VII(J)(4), and the Federal Insurance Administrator's limited waiver of the 60 day proof of loss requirement.

In her opposition to Defendant's motion, Plaintiff attached a "Proof of Loss," which is dated August 23, 2006. (*See* Proof of Loss, Doc. No. 23-2). Plaintiff asserts that this Proof of Loss "was filed on August 23, 2006, the form was fully complied with as presented to the insurer by the department of homeland security, transmitted to the National Flood Insurance Program by both certified mail and facsimile." (Plaintiff's Opp., Doc. 16 at p. 1). However, Plaintiff submits no summary judgment evidence to support this assertion.

Plaintiff's purported "Proof of Loss" is also largely illegible, and it fails to include any information which would have allowed the evaluation of an additional flood claim payment.[2] The filing of a proof of loss is a condition precedent to filing suit against the Government under the National Flood Insurance Act.[3] Section VII(J)(4) of the SFIP further instructs that:

> 4. Within [the time allowed for filing a

---

[2] Defendant argues that this "Proof of Loss" does not include a legible policy number. The court ordered Plaintiff to hand-deliver a more legible copy of the Proof of Loss, and on this hand-delivered copy, a policy number is included on the top left corner, but it is not clearly legible. The court notes that this policy number may match the policy number (4000010382) which Defendant identifies as Plaintiff's SFIP in its motion and attached Holmes Declaration.

Plaintiff's "Proof of Loss" identifies the insured as "Irene Meredith" instead of "Irene Meredith Sykes," and it also identified "Geraldine Meredith" as an insured. The Proof of Loss does not provide an insured property address.

[3] *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998); *Forman V. FEMA*, 138 F.3d 543 (5th Cir. 1998).

> proof of loss], send us a **proof of loss**, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> a. The date and time of loss;
>
> b. A brief explanation of how the loss happened;
>
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>
> d. Details of any other insurance that may cover the loss;
>
> e. Changes in title or occupancy of the covered property during the term of the policy;
>
> f. Specifications of damaged buildings and detailed repair estimates;
> ...

See SFIP, Art. VIII(J)(4)(emphasis added); see *also* 44 C.F.R. Pt. 61, App. A(1).

According to Scott Holmes, the Claims Manager for the National Flood Insurance Program, "[e]ven if the purported "Proof of Loss" submitted by Plaintiff had been received, there was no information included in that proof which would have allowed the evaluation of an additional flood payment." ((Doc. No. 22-3, Supplemental Declaration of Scott Holmes at ¶6).

Finally, Plaintiff argues that she "still has the option to

4

apply for a request to the Federal Emergency Management Agency's Federal Insurance Administration for a NFIP written waiver to comply with any formalities associated with our filing of a proof of loss for a flood claim." (Plaintiff's Opp., Doc. 16 at p. 2). However, Plaintiff cannot survive summary judgment with such an argument.

Accordingly;

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment** (Doc. No. 15) be and is hereby **GRANTED**, dismissing Plaintiff's claims with prejudice.

New Orleans, Louisiana, this **16th** day of **July**, **2009**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE